CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEROY J. HALE,<br>    Plaintiff, | Civil Action No. 7:07-cv-00226 |
| v. | **MEMORANDUM OPINION** |
| COMMONWEALTH COMMUNITY<br>TRUST,<br>    Defendant. | By: Hon. Glen E. Conrad<br>United States District Judge |

Plaintiff Leroy J. Hale, an inpatient at Catawba Hospital, a facility in the Virginia Department of Mental Health, Mental Retardation and Substance Abuse Services, brings this pro se action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Among other things, plaintiff seeks in his complaint "that Commonwealth Community Trust be compelled to loan me $3,000."[1]

Upon review of the complaint, the court files the complaint in forma pauperis and dismisses it as failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the court may dismiss an action filed in forma pauperis at any time upon finding that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Even prior to the enactment of 28 U.S.C. § 1915(e)(2), a district court had the authority to dismiss complaints as frivolous if they were based on "indisputably meritless legal theories" or "clearly baseless" factual

---

[1] Plaintiff's complaint is fourteen pages long. The following is an example of the content of plaintiff's complaint:

> I ask for 975 court orders & court rulings. I ask for 80 million dollars & 95 rulings as unconstitution [sic] + 25 resolutions. I ask for my 3,000 dollar loan. So that I will very soon have this money and especially, especially for me; I ask for 2,600 acts, court orders & court actions. + 3 billion & 10 million dollars. I ask for 60 billion dollars. I ask for 100 acts, I ask for 80 acts, I ask for 250 acts. I ask for 35-million dollars, I ask for 303-million dollars. . . .

1

contentions. Neitzke v. Williams, 490 U.S. 319, 324-25 (1989). Under this standard of frivolity, a district court is not required to accept allegations which cannot be rebutted by judicially noticeable facts. Denton v. Hernandez, 504 U.S. 25, 32 (1992). Claims describing delusional or fantastic scenarios may also be dismissed as frivolous. Neitzke, supra.

Under this authority to pierce the veil of a plaintiff's allegations in determining the substantive merits of a complaint, the court concludes that plaintiff's claim against the Commonwealth Community Trust is not a cognizable constitutional claim. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The Supreme Court has articulated a two-part test for determining whether conduct may be "fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). First, "[t]he deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Id. Second, "the party charged . . . must be a person who may fairly be said to be a state actor." Id. A person acting under color of state law may be an employee of the state or one acting under the direction of or with the aid of state officials. Id.

Commonwealth Community Trust ("CCT") is not a state actor. CCT is a 501(c)3 non-profit organization, established in 1990 by parents of children with disabilities, for the purpose of providing to Virginia residents a convenient and economical way to have trust funds administered for people with disabilities that will supplement the benefits offered by entitlement programs. CCT is managed by a Board of Directors. The Trust Company of Virginia, a licensed and bonded

2

investment corporation, serves as a trustee, and together with the staff and Board of Directors of CCT manages the investment and disbursement of funds. Plainly, CCT is not a state actor. On this basis, the court dismisses the complaint without prejudice as failing to state a claim upon which relief may be granted, pursuant to § 1915(e)(2). An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant(s).

**ENTER:** This 11th day of May, 2007.

_____
United States District Judge